LAWRENCE, J.

The only point not of fact passed upon is stated fully in the head-note.

*Judgment affirmed.*

---

BARTLETT v. McNEIL.

*Supplementary proceedings.*

Supplementary proceedings (Code, § 292) are not authorized in a judgment not *in personam.*

APPEAL by plaintiff, Charles W. Bartlett, from an order at the special term, allowing an amendment to the judgment-roll; also from an order denying a motion that the court fix a time for defendant, Alexander McNeil, to appear and be examined in supplementary proceedings.

*John H. Bergen,* for appellant.

*Beebe, Wilcox & Hobbs,* for respondent.

DAVIS, P. J.

The only point of interest passed upon is fully set forth in the head-note.

*Orders affirmed.*

---

GILMAN v. GILMAN.

*Surrogate's court — practice in — Executors — Counsel fee — Compromise.*
*Appeal — when facts reviewed. Parties to appeal.*

The widow of testator, who resided in Maine, and had obtained a decree in the courts of that State, that $85,000 should be paid to her in lieu of the provisions of the will in her favor, was paid in part out of the assets of the estate. Among those assets was a note given the deceased by G., who was one of the executors. Upon this note a judgment was obtained by the widow against G., in the courts of Maine. A suit was commenced against the executors by the widow in this State, to enforce the collection of the amount due under the Maine decree, and an action by the heirs and legatees of deceased to restrain the prosecution of the former suit. A settlement

was negotiated by the executors without the knowledge or consent of the executrix, by which the widow was to receive, in addition to $20,000 already paid her, $40,000, and her costs and counsel fees. The amount of counsel fees was not specified. The widow assigned to the executors the judgment against G. Upon the petition of the executors the sum of $50,000 to be paid to the widow, and as counsel fee to the counsel for the several parties was ordered by the surrogate to be paid out of funds on deposit belonging to the estate. Upon an appeal by the executrix from the order, *held*, that the order of the surrogate was erroneous, as the settlement did not provide for a specific sum for counsel fees, and the widow was not entitled to receive the sum agreed to be paid in cash, but should have allowed the amount of the note of G., as part payment, and so much cash to be taken by her upon the compromise.

In cases of this character, the whole case is to be examined by the appellate court, as well upon the facts as upon the law, so far as those questions are presented by the appeal. *Robinson* v. *Raynor*, 28 N. Y. 494; *Schenck* v. *Dart*, 22 id. 420; *Clapp* v. *Fullerton*, 34 id. 195, 196; *Canjalle* v. *Ferris*, 23 id. 90. So far as the counsel fees of the executors were concerned, there was no authority for allowing them. *Willcox* v. *Smith*, 26 Barb. 330.

The counsel who, under the order of the surrogate, was authorized to receive the money directed to be paid, *held*, to be a proper party to the appeal.

APPEAL from an order of the surrogate of the county of New York, directing that the Union Trust Company, out of the money or assets of the estate on deposit with it, return to Charles B. Gilman, George F. Gilman and Isaac Reddington, three of the four executors of the estate of Nathaniel Gilman, deceased, or to their counsel, Charles E. Whitehead and Henry E. Knox, the sum of $50,000 and interest thereon from March 22, 1872, to be paid over by them in settlement of the widow's claim and the fees of her counsel. The appeal is taken by Anna S. Gilman, an executrix of the will of the said Nathaniel Gilman, deceased.

*W. W. Gage* and *E. C. Benedict*, for appellant.

*John E. Ward*, for Charles E. Gilman, respondent.

*Chas C. Jones, Jr.*, for Joanna B. Gilman, respondent.

*Chas E. Whitehead*, in person.

LAWRENCE, J.

The head-note states fully the only points passed upon in the opinion.

*Order reversed.*